## GARDNER and HYER *against* MILLER.

*A.*, being one of three executors, and indebted to the testator at the time of making his will, by simple contract, refused to act, and the other two proved the will, and administered. *A.*, afterwards, gave a bond to the two acting executors, for the amount of the debt due to the testator; and, more than a year thereafter, took upon himself the office of executor, and cancelled the bond: *Held,* that the bond was to be considered as given for a valuable consideration, to the other two executors, in their private capacity, the addition of " executors," &c. being merely words of description; that *A.* could not avail himself of the privilege of executor, as to this debt, and that the other executors might, therefore, maintain their action against him, and recover the amount of the bond, declaring on it as so cancelled and destroyed.

Though a creditor makes his debtor an executor of his will, yet if there are not *assets* sufficient to pay the debts and legacies, the executor must pay his debt.

THIS was an action of debt, brought against the defendant, *Ann Miller*, as administratrix of *John Miller*, deceased. The declaration contained two counts: first, on the bond of

the intestate, dated the 21st of *March*, 1818, under his hand and seal, for the sum of one thousand dollars, to the plaintiffs, " by the names, description, and addition, of *James Gardner* and *John Hyer*, executors of *John Gardner*, deceased;" and which bond, having been destroyed by the said *John Miller*, the plaintiffs could not produce, &c. The second count was on the bond, as made to the plaintiffs, without any addition or description, as executors, &c. The defendant pleaded, 1. *Non est factum.* 2. That on the second of *July*, 1817, *John Gardner* made his last will, by which he appointed the plaintiffs, and *J. M.*, the intestate, his joint executors, and afterwards, on the 4th of *December*, 1817, died, without altering or revoking the same ; that before, and at the time of making the said will, *J. M.*, the intestate, was indebted to the said *John Gardner*, deceased, in the sum of five hundred dollars, for money lent ; and that, after the death of the testator, and after the plaintiffs had proved and taken upon themselves the execution of the will, and before *J. M.*, the intestate, had taken upon himself the execution thereof, or made his election so to do, to wit, on the 21st of *March*, 1818, the said *J. M.*, the intestate, for the sum of five hundred dollars, so due and owing by him to the said *J. G.*, the testator, and for no other consideration, made and executed the bond to the plaintiffs, as described in the declaration; and that, afterwards, the said intestate, *J. M.*, on the 13th of *September*, 1819, took upon himself also the execution of the will of *J. G.* 3. The defendant, in his third plea, after stating the matters set forth in the second plea, pleaded, that he, thereupon, afterwards, destroyed and cancelled the said bond or writing obligatory, as he lawfully might do, &c. The plaintiffs demurred to the second and third pleas, and the defendant joined in demurrer.

*Wilkins*, in support of the demurrer. He cited *Toller's Law of Executors*, 348. 425. 1 *Salk.* 299. 308. 2 *Lev.* 189. *Cro. Car.* 373. 2 *Bl. Com.* 511. 3 *Bac. Abr.* 11. 13 *Johns. Rep.* 430. 4 *East*, 200. 7 *Term Rep.* 477.

*Sampson*, contra. He cited, 2 *Johns. Rep.* 471. 1 *Com.*

*Dig.* 337. B. 5. B. 12. 3 *Bac. Abr.* 78. L. 1. *Sid.* 33. 3 *Bac. Abr.* 32. D. 2. *Toller,* 189. 1 *Mad. Ch.* 471.

*Per Curiam.* It is a *general rule*, that if a creditor appoint his debtor an executor of his will, it operates as a release or bequest of the debt. But there are exceptions to this rule. It seems to be now settled in equity, that the appointment of a debtor as executor, is no more than a parting with the action; and that the debt remains a trust for creditors or the next of kin. (*Cary* v. *Goodinge*, 3 *Bro. Ch.* 110.)

At law, all the executors are required to represent the testator; and all must join as plaintiffs in an action. *As executors*, therefore, one cannot sue his *co-executor*. Each may *receive* and *pay* debts as executor; and each has an equal right to the possession of the trust fund. In their representative character, they are not liable to a suit by one against the other. There is no doubt, that a suit could not have been sustained for the *original* debt, by two of the executors against this defendant, who was appointed joint executor with them. " If the obligee makes the obligor and others executors, and the obligor refuses, but the others administer, and the obligor dies first, yet the debt is released; for the obligor, notwithstanding the refusal, might have come in and administered; and the probate by the others was for his benefit." (*Wankford* v. *Wankford,* 1 *Salk.* 299. per *Holt,* Ch. J.)

But the question here is, whether the defendant has not, by his own voluntary and express act, in giving the bond to his two co-executors, waived his privilege and protection as executor, *quoad* this debt. We have no right to consider the bond as *senseless* and *void*; or that the liability as between the executors is now exactly as it was before the bond was given. The parties undoubtedly meant something by giving and receiving the bond; and we are bound to intend whatever might reasonably have occurred, in order to justify and uphold this security.

The bond was given before the defendant had assumed the office of executor; and we may fairly infer, that in consideration of receiving this bond, the plaintiffs became indi-

vidually responsible for the amount of this debt, in the course of administration. They had been, for a long time, acting as executors; but this defendant did not elect to become an acting executor until about a year after he gave the bond. We have a right to presume that the *assets* were in-sufficient to pay the debts and legacies; and in that event, the defendant, although an executor, was bound to pay his original debt; and his omission to pay it would be a *devastavit* on his part. We consider the bond as given to the plaintiffs in their *private,* not in their *representative* character. They are, to be sure, styled *Executors of John Gardner,* but that is merely *descriptio personarum.* The plaintiffs are, therefore, entitled to judgment.

Judgment for the plaintiffs.