PROBATE COURT *vs.* DAVID MERRIAM.

The settlement of an executor's or administrator's account, before the court of probate, unappealed from, is conclusive upon every subject adjudicated upon. The heirs, legatees or creditors cannot, in a suit on the probate bond, shew as a breach, that the sale of the real estate was fraudulent and in fact sold to the executor or administrator at less than its value, but should have contested the account of the administrator before the court of probate where the administrator was charged with the amount of sales.

Such settlement does not preclude the heirs, legatees or creditors from proving that other property came into the hands of the administrator or executor, of which no account is rendered.

When an executor or administrator is indebted to the testator or intestate, he must charge himself with the amount due from him, if solvent, or it will be a breach of his bond.

*Quere.* Whether, if the executor or administrator was wholly insolvent, a recovery could be had on the bond for the amount of such debt?

A full statement of this case is comprised in the opinion of the court.

*Merrill and Ormsbee for plaintiff.*—It is said in Starkie's Evidence, vol. 1, p. 252, 93d sec. "a judgment, decree or sentence may be impeached by proof that such judgment never existed, or was void *ab initio;* secondly, that it was fraudulent and covinous; and thirdly, that it has been revoked.

The plaintiff in this case offered to prove by parol evidence, that the settlement of his account was fraudulent and covinous; and it is a well settled rule of law and equity, that fraud is an extrinsic, collateral act, which vitiates all transactions, even the most solemn proceedings of courts of justice.—Starkie vol. 2 pages 586-7.

The settlement with the probate court comprehends all the proceedings of the executor in the performance of the conditions of his bond, and it cannot justly be said that we go back to proceedings anterior to the allowance to make out the fraud, when we offer to show that the account allowed by the probate court was false and fraudulent any more than when we offer to show that there was trick and artifice practiced at the time of its allowance, because it is one continued act of fraud. We cannot go back of a judgment to show an usurious contract upon which it was founded.

The bond is an independent security for the faithful administration of the estate. In this case it is alleged in the declaration that the executor fraudulently sold the estate for less than its value and procured it purchased in for his own benefit, and in rendering his account has charged himself with what he gave, but not with the value over and above what he gave. He pleads his administration settlement in bar of the plaintiff's claim for this balance. The

plaintiff denies that he has rendered a true account, and offers to prove that he has fraudulently kept back a part of the estate.— See *Gordon* vs. *Clapp*, 5 Vt. R. 129—*Warren* vs. *Powers*, 5 Con. R. 373. Let it be granted that decisions of courts of competent jurisdiction are binding for and against the parties and privies thereto, this rule does not extend to matters that clearly were not directly in issue and were not adjudicated upon.—*Darling* vs. *Hull*, 5 Vt. R. 91—*Whiting* vs. *Corwin*, 5 Vt. R. 451—1 Starkie 202—6 Vt. R. 20.

*margin:* RUTLAND, February. 1836. Probate Court vs. Merriam.

It is not contended that the same matters decided by the probate court, may be redecided, but it is contended, that, although he rendered an account, he did not render a true account, and the plaintiff seeks a recovery here for what he can prove was fraudulently kept back by the executor and of which no account has been rendered.

Neither can the allowance of the account by the probate court, unappealed from, be construed into a release of the principal or surety in the bond. In the case of a jail bond, a discharge of the principal by a court of jail delivery does not cure a breach of the bond committed before the discharge.—Story's Conflict of Laws, p. 499—Starkie on Evidence, part 2d, sec. 77, 79 to 83—So, in case of a discharge fraudulently procured—6 Vt. R. p. 251, *Richards and Truesdall* vs. *Hunt.*

*Royce and Strong* for defendant.—The court of probate is made, by statute, a court of record, and has an exclusive jurisdiction, although limited to the cases provided for by statute.

The subject matter of the accounting in this case, was proper to be enquired into by the probate court. Before allowing an administrator's or executor's account, notice issues to all interested, to appear and object to the allowance of such account, and if any one thinks himself aggrieved by the decision of the probate court, an appeal is given.

In this case, then, the probate court had exclusive jurisdiction, and the correctness of their decision cannot be collaterally impeached, or in any way enquired into, except on an appeal taken. —1 D. Chip. 423, *Probate Court* vs. *Fillmore*—2 Vt. R. 440, *Barker* vs. *Rogers*—2 Vt. R. 338, *Hendrick and Wife* vs. *Cleveland.*

The evidence offered was parol, and was offered to impeach that which had once been examined before a court of competent

Rutland,
*February*,
1836.

Probate Court
*vs.*
Merriam.

jurisdiction and made matter of record.   In short, the offer was to impeach the record by parol.

The opinion of the court was delivered by

Williams, Ch. J.—This is an action on a probate bond, executed by the defendant as surety for Isaac Hill and Olive Barnes, executors of the will of Moses Barnes, deceased.   Olive Barnes, it appears, declined and Isaac Hill was the sole acting executor. The prosecutors, Zenas Frisbee and Wife, are legatees in the will. Several breaches of the bond are assigned, some of which it will be proper to mention, as on the trial of the issues which were found, whether the executor had rendered a true account of his administration and had fully administered, the prosecutor offered to prove the several matters set forth in the breaches assigned to the condition of the probate bond.   Among others were the following, viz. that the executor was licensed to sell the real estate ; that he fraudulently sold the same at the sum of six hundred and fifty-six dollars—and was, in fact, himself the purchaser—a sum less than its value, and less than he had been offered.

That the executor obtained a license to sell the personal estate at public auction, and sold the same fraudulently, employing persons to bid for him.

That there were sundry articles of personal property not inventoried, which came to the hands of the executor, and which he had appropriated to his own use.

That the deceased had sundry promissory notes, and among others, some against Mr. Hill, the executor, which had never been inventoried or accounted for, but which had been appropriated to the executor's own use.

On the trial of the several issues which were formed, the records of the probate court were read in evidence, by which it appeared that the executor had settled his account at the probate office.   For that reason, the evidence offered by the prosecutor of the several facts before named, was rejected by the county court. It is urged here, that the evidence should have been received, as tending to shew that the settlement of the executor's account before the court of probate was fraudulent.   To the proceedings of the probate court, in relation to the settlement of the executor's account, the prosecutors were parties, duly notified ; they cannot, therefore, in this suit, impeach that settlement for fraud.   They should have applied to the court of probate, who, if they had been imposed upon by the fraud of the executor, would have cor-

RUTLAND,
*February,*
1836.
Probate Court
*vs.*
Merriam.

rected the error, or they should have taken their remedy by appeal. Nothing decided by the probate court, in relation to the settlement of the executor's account, could be re-examined in this suit.

The evidence, therefore, in relation to the sale of the real estate to the executor, was inadmissible. On the return of the order of sale, it was competent for the prosecutor to have proved that the sale was made, in fact, to the executor, and under such ciscumstance, that he ought to have been charged with the full value of the land, instead of the sum for which it was nominally sold ; but not having appeared and offered this proof, the probate court having had the subject before them and passed upon it, and no appeal having been taken, it was too late, on the trial of this cause, to bring forward that evidence.

Upon the same principle, any sum which has been allowed to the executor by the court of probate, cannot again be a subject of controversy.

But the settlement of the executor's account was not conclusive, as to every thing antecedent to the time of the settlement ; nor as to property received by the executor, belonging to the testator, for which he neglected, either through accident or design, to render an account. It is the duty of executors and administrators to render a true and full account of all the property of the deceased which comes to their hands. They hold the same only as trustees for the creditors, heirs or legatees. In their account they should charge themselves with all the property received. The amount as well as the particulars are known to them, but cannot be as well known to others. There is no possible reason, therefore, why an account rendered which is not a true and full account, should protect them from any further investigation, at the instance of those interested. It has been decided in a neighboring state, that if there be errors in the account of an administrator, executor or guardian, which has been rendered by him and settled at the probate court, the parties will not be concluded by the decree on such account, although not appealed from ; but the judge of probate, at any time before the final settlement of the estate, may revise the account and correct the error upon the settlement of a subsequent account. Upon the same principle, we apprehend, that if the executor, administrator or guardian neglect, or fail to render an account to the probate court for adjustment, of all the property by them received, it is a breach of the conditions of the bond, The evidence that sundry articles of personal property of

Rutland,
February,
1836.

Probate Court
vs.
Merriam.

the testatator came to the hands of the executor, and was not inventoried, and no account rendered therefor, was admissible and should have been received. So also should the evidence in relation to the promissory notes, and particularly the promissory notes against Mr. Hill, the executor, if he rendered no account therefor. It has been several times decided in Massachusetts, that an executor or an administrator, who owes a debt to the deceased, will, by accepting the trust, be considered as having received the debt, and he and his sureties on the administration bond will be liable for the amount of such debt, in like manner as if he had received it from any other debtor of the deceased.—11 Mass. R. 256—12 Mass. R. 199. Without deciding that we should, in all cases, consider the administrator or executor and his sureties liable on their administration bonds, as decided in those cases, particularly if the administrator or executor were wholly insolvent, we consider, that when the executor or administrator is solvent, it is his duty to inventory and account for any notes or obligations which the deceased held against him and which were due and payably. It has not been claimed in this case, that by making Mr. Hill executor, the testator intended to release or discharge the debt as against the legatees in the will, and no question of that kind has been raised.

In the particulars mentioned, the settlement of the executor's account was not conclusive, and it was competent for the prosecutors to give evidence to charge the executor and his sureties for any property or money received by him, of which no account was rendered.

The judgment of the county court must therefore be reversed.