Rowell v. Freese.

STEPHEN ROWELL & al. *versus* JOHN FREESE.

To maintain a bill in equity, it is not sufficient to allege merely, that a conveyance of land by an absolute deed from a third person to the defendant was made in trust for the plaintiffs; it should appear, that the conveyance was made in trust expressly, or by implication; and if by implication, such facts should be stated, as would clearly show it to be so made.

THE bill in equity of the plaintiffs alleges, that on January 30, 1819, a lot of land in No. 2, now Greenbush, in the State of Maine, was the property of the Commonwealth of Massachusetts, and that on that day the legislature, by a resolve, authorized Lucy Rowell, whose husband had occupied the land in his lifetime, and her children, to occupy the lot twenty years, rent free; that the commissioners of the land office were by the same resolve empowered to convey in fee the same lot, after the expiration of the twenty years, to the children of the said Lucy, then alive, being the present plaintiffs, on their paying into the treasury one hundred dollars; that at the expiration of the twenty years, the District of Maine having become a separate State, the plaintiffs paid to the treasurer of the State of Maine one hundred dollars, and demanded a deed of the Land Agent; that although the Land Agent was duly authorized, he refused to give a deed to the plaintiffs, and did give a deed thereof to the defendant; that on the same day the plaintiffs tendered one hundred dollars to the defendant, and demanded a deed of release from him, and that he refused; that the Land Agent could convey no legal title to any one, but to the plaintiffs; and that whatever was

conveyed by said deed to the defendant, was in equity in trust for the plaintiffs, and he is bound in equity to convey the same to the plaintiffs on demand. The bill further alleges that the defendant also pretends to hold a right to the same land by a release from said Lucy and her children, the consideration whereof had wholly failed. The bill prays, that the Court may order and decree, that a conveyance may be made by the defendant to the plaintiffs. The defendant demurred generally.

*A. G. Jewett*, arguing in support of the demurrer, said that the Land Agent in fact acted under a resolve of the legislature, but as the case stands, as he is not made a party to the bill, the propriety of his acts cannot be called in question. The bill does not charge fraud, accident, or mistake in either the Land Agent or the defendant, and supposes that the title passed by the deed to the defendant. It is not pretended that the Court has jurisdiction on any of those grounds. The bill alleges, it is true, that the conveyance was in trust for the plaintiff; but it does not pretend, that there was any trust expressed in the deed, and does not show from the facts charged, that the defendant holds the land in trust for the plaintiff. Nor is it alleged in the bill, that the defendant had any notice of the plaintiffs' claim, until after he had obtained a valid title to the land from the State. There is no fiduciary relation shown between the parties from whence a trust would arise. 1 Story's Eq. 75, 76.

There is too a complete remedy at law. If the validity of the conveyance is called in question, a court of law is the tribunal in which it should be tried. If the Land Agent had no authority, then nothing passed to the defendant by the deed, and the bill cannot for that cause, be maintained.

*J. A. & H. V. Poor* argued for the plaintiff, contending that the plaintiffs had never parted with their equitable title. A party cannot convey an estate to commence *in futuro*. 13 Pick. 116; 4 Mass. R. 688; 6 Mass. R. 246.

The resolve in favor of the defendant is void. 6 Greenl.

112; 2 Fairf. 118: 4 Wheat. 122; 6 Cranch, 87. The legislature have no power to convey to another what belonged to the plaintiffs.

The conveyance to the defendant was in trust for the plaintiffs. Any conveyance obtained by means, which in a court of equity have the character of imposition or undue advantage, is relievable in equity. A person deriving title under a conveyance thus obtained is a trustee, and the Court will relieve by ordering a conveyance. 1 Mad. Ch. 246; 1 Story's Eq. 395; 14 Ves. 334; 1 Paige, 147.

The opinion of the Court was by

WHITMAN C. J. — This is a bill in equity. The defendant demurs to it, alleging that it contains no such facts as would authorize this Court, as a Court of equity, to take cognizance of it. On looking into the bill we find an allegation, that the defendant received a conveyance of an estate, therein described, in trust; and this Court has cognizance of trusts. But we think, that the bill should have stated something more; it should appear that the conveyance was made in trust expressly; or by implication; and, if by implication, such facts should be stated as would clearly show it to be such. It should appear either, that the whole consideration for the conveyance came from the plaintiffs; or that the plaintiffs had an equitable right to have the conveyance made to them; and that the defendant well knew it; but that he, nevertheless, fraudulently procured it to be made to himself; or some other ground, from which a Court could be authorized to infer an implied, resulting, or constructive trust. The bill does not present any such case; and therefore must be adjudged insufficient, and be dismissed.