DECEMBER 18,
1874.                  HALL v. CONGDON.

On the trial of an issue in substance whether certain land was conveyed to the defendant upon an express trust, parol evidence to prove the trust is inadmissible.

In such case, parol evidence of facts not alleged in the bill, from which a resulting trust would arise, is inadmissible.

IN EQUITY. The bill alleged that a certain tract of land had been conveyed to the defendant, Congdon, by the town of Pittsburg, on certain express trusts specifically set out in the bill, and the answers fully denied the trusts, and issues were framed for the jury. Trial before LADD, J., November term, 1873.

Upon the first issue, which was in substance whether the land was conveyed to Congdon upon the trust set up in the bill, the plaintiff offered to prove the allegations of the bill by parol evidence. The court ruled that such evidence could not be received for that purpose, and the plaintiff excepted. For the purpose of raising the questions of law involved in the case, the plaintiff's counsel then stated that they had no written evidence of the trust, and offered in general terms to prove by parol that the whole of the purchase-money for the land was furnished by the plaintiff, for the purpose and upon the parol agreements and understandings alleged in the bill. The court excluded the evidence, and the plaintiff excepted. It being conceded that these rulings, if sustained, must dispose of the case in favor of the defendants, the issues were taken from the jury by consent of counsel on both sides, and the question reserved for consideration by the whole court.

*Fletcher & Heywood, H. Bingham*, and *Burns & Heywood*, for the plaintiff.

*Ray & Drew, G. A. Bingham*, and *J. Benton*, for the defendants.

*CUSHING, C. J. The allegation material to the question raised in this case is as follows : " On February 26, 1861, said Congdon took a conveyance of said lands of said town of Pittsburg, * * which conveyance the plaintiff procured to be made, and five hundred dollars of

---

*LADD, J., did not sit.

the price thereof was paid down, and four hundred and forty dollars, being the balance, was secured by the notes of said Congdon ; and thereupon he, the said Congdon, did agree to and with the plaintiff that he would hold the said lands upon the trust," etc.   The answers fully deny these allegations.

The defendants' oath not having been called for in the bill, the answer is by our rule a mere pleading, and the issues desired to be tried were made up for the jury.  The issue on which the questions presented by this case arose was, in substance, whether the land was conveyed to Congdon on the trust set up in the bill ; and the ruling of the court was, that the alleged trust could not be proved by oral testimony.   The trust alleged in the bill is an express trust, declared and agreed upon at the time of the conveyance.   There is no fact stated from which a trust could result.

By the statute, in force February 26, 1861—Revised Statutes, ch. 130, sec. 13—" No trust concerning lands, excepting such as may arise or result by implication of law, shall be created or declared, unless by an instrument signed by the party creating the same, or by his attorney."   The evidence offered was rightly excluded, unless its admissibility was affected by the state of the pleadings.   The answer does not deny that there was a declaration in writing ; and the substance of the issue stated is not whether there was a trust declared in writing, but whether there was a trust as set up in the bill.

The principle seems well enough established that the mode of pleading is not affected by the statute of frauds, but that, on an allegation of an express trust denied by the answer, and an issue thereon raised, the complainant cannot prove the trust by oral testimony.   *Anon.,* 2 Salk. 519 ; *Walker* v. *Richards,* 39 N. H. 259 ; *Moore* v. *Moore,* 38 N. H. 382.

It is clear that in its present form the bill cannot be maintained on the evidence offered.   The plaintiff, however, contends that he ought to be permitted to amend his bill, and that, his bill being so amended, he may prove a resulting trust on which it may be maintained.   It does not appear to us that these questions can be determined until the proposed amendment is offered.   The court can then see whether the proposed amendment is a different way of stating the same cause, or a statement of a new and different cause, and can also determine whether the new facts alleged, if proved, would be sufficient to establish a resulting trust.

SMITH, J.   The bill is defective in that the facts, from which the trust which the plaintiff claims results by implication of law, are not set forth.   *Rowell* v. *Freese,* 23 Me. 182.   It nowhere alleges that the money, or any aliquot part thereof, paid by Congdon to the town of Pittsburg for the conveyance of the land, was the money of Hall. Unless the money paid was the money of Hall, there can be no resulting trust.   *Page* v. *Page,* 8 N. H. 187.

The trust set up in the bill is an express trust, and by the provisions

of the Revised Statutes, ch. 130, sec. 13, in force at the time this con-
veyance was made to Congdon—Feb. 26, 1861—cannot be created by
parol. The evidence offered by the plaintiff was therefore properly
excluded.

FOSTER, C. J., C. C.   I am of the same opinion.

                                                    *Case discharged.*