Carroll,
April 5, 1949. } No. 3821.

ADELMA G. HATCH, *Adm'x v.* IDA W. RIDEOUT.

*Harvey, Laddey & Kalled* (*Mr. Kalled* orally), for the plaintiff.

*Eliot U. Wyman* and *Lyford Hutchins* (*Mr. Wyman* orally), for the defendant.

DUNCAN, J.   The defendant's motion to dismiss was properly denied, since there was evidence to warrant a decree establishing a resulting trust in favor of the decedent.   The decree in favor of the wife and children must be vacated for lack both of competent evidence to establish an express trust, and sufficient evidence to establish a constructive trust in their favor.

The decedent's wife is not a party, and made no claim of a trust in her favor.   If the oral testimony might be considered sufficient to establish a purpose on the part of the defendant to declare an express trust in favor of the children, who likewise are not parties, such a trust would be unenforcible for want of an "instrument signed by the party creating the same."   R. L., c. 259, s. 16; *Hall* v. *Congdon*, 55 N. H. 104.   A trust in favor of the children could be said to arise by operation of law only in the event of a finding of such fraud on the part of the defendant as would warrant imposition of a constructive trust.   Restatement, Restitution, s. 183.   Cf. *Prescott* v. *Jenness*, 77 N. H. 84; *White* v. *Poole*, 74 N. H. 71.   The trust found by the Court was not stated to be a constructive trust, and the evidence does not disclose circumstances which would give rise to one.   See Scott, Trusts, s. 45; 3 Bogert, Trusts and Trustees, ss. 495, 496, pp. 201-216.   Thus the trust found must be taken to be a resulting trust, arising by operation of law out of payment of the purchase price.   *Smith* v. *Pratt, ante*, 337.

No exceptions were taken to particular findings.   The finding that "the plaintiff" should be given credit for a total of $174.50 paid the defendant is inconsistent with the decree in favor of the wife and children.   Since the estate was found to be entitled to credit for the payments made, the trust must necessarily be held to have resulted in favor of the decedent.   The payments made by him constituted only a part of the purchase price, so that unless the defendant's pur-

chase was understood to be a loan to the decedent, the trust resulting is of an interest equal to, but not exceeding the proportion which his payments bore to the total price. Restatement, Trusts, s. 454; 2 Bogert, *supra, s.* 457; *Crowley* v. *Crowley,* 72 N. H. 241; *Hall* v. *Young,* 37 N. H. 134; *Tebbetts* v. *Tilton,* 31 N. H. 273. There was no testimony that the defendant undertook to pay for the property as a loan to the decedent, and a finding that she did would not be warranted by the record. The case is to be distinguished from *French* v. *Pearson,* 94 N. H. 18, in this regard. The findings indicate that the total cost consisted of the sum of the mortgage debt, the taxes in arrears paid by the defendant, and the 1941 taxes paid by the decedent after the foreclosure sale, a total of $553.71. Of this amount payments made by the decedent aggregated $196.20. The extent of the trust in his favor to be established by the decree should therefore be 35.4 percent of the whole estate. *Crowley* v. *Crowley, supra.*

No question appears to have been raised below concerning the right of the plaintiff administratrix to maintain an action relating to real estate. A decree may properly be entered for the plaintiff if the circumstances are such that she is entitled to exercise authority over the real estate of the decedent. See R. L., *c.* 358; *Ruel* v. *Hardy,* 90 N. H. 240, 242. Otherwise, it is for the Trial Court to determine whether the wife and children, as the real parties in interest, should now be permitted to become parties plaintiff by amendment. *Owen* v. *Weston,* 63 N. H. 599; *Smith* v. *Hadley,* 64 N. H. 97; *Judge of Probate* v. *Sulloway,* 68 N. H. 511, 518; *Edgewood Civic Club* v. *Blaisdell, ante,* 244. If such permission is granted, the decree should fix their interests in accordance with the law relating to the descent of intestate property, since they will take not as beneficiaries of the trust, but by descent from the deceased beneficiary.

The decree of the Superior Court is set aside, and the case remanded for disposition in accordance with this opinion.

*Decree set aside; remanded.*

JOHNSTON, J., dissented: KENISON, J., was absent: the others concurred.

JOHNSTON, J., *dissenting:* In my opinion there is evidence to sustain the Trial Judge in finding that the relationship between Mr. Cate and Mrs. Rideout was that of debtor and creditor and in ruling that there was a resulting trust in favor of the estate of Herbert H. Cate of the entire property rather than of a part only.