The Milwaukee Mutual Fire Ins. Co. vs. The Sentinel Co.

judgment in their favor, and that the defendant *Babcock* is entitled to the relief prayed in his counterclaim.

*By the Court.*— The judgment of the superior court of Milwaukee county in favor of the plaintiff is reversed, and the cause is remanded to that court with directions to grant the defendant *Babcock* the relief prayed for in his counterclaim.

The Milwaukee Mutual Fire Insurance Company, Respondent, vs. The Sentinel Company, Appellant.

81    207
s15 LRA  627
27 LRA 369n
33 LRA 252n
33 LRA 580n
52 LRA  529

*January 13 — February 2, 1892.*

*Corporations: Insolvency: Injunction restraining corporate acts: Prosecution of action previously commenced: Receiver: Survival of actions: Libel.*

1. An injunction under sec. 3218, R. S., restraining an insolvent insurance company from exercising any of its corporate rights, privileges, or franchises, restrains the prosecution by the company of an action for libel commenced before the issuance of such injunction.

2. The statute authorizing such injunction being founded on public policy, one not a party to the action in which the injunction was issued may avail himself thereof to procure a stay of proceedings in an action which the insolvent corporation is attempting to prosecute against him.

3. Under sec. 1764, R. S.,— providing that for three years after the dissolution of a corporation the directors shall, subject to the power of the court to make *a different provision,* continue to act as such, with power to settle the affairs of the corporation, etc.,— the appointment of a receiver and issuance of an injunction restraining the corporation from doing any corporate act is such "a different provision."

4. A right of action for libel of an insurance company, though the libel resulted in pecuniary injury to the corporation, is not assignable and does not pass to a receiver.

APPEAL from the Circuit Court for *Milwaukee* County. The defendant corporation is the publisher of the *Mil-*

*waukee Sentinel,* and in the issue thereof of December 21, 1890, it published an article of and concerning the plaintiff corporation, which the latter charges is libelous. Thereupon the plaintiff commenced this action in the circuit court on January 3, 1891, by the service of a summons on the defendant. On February 2, 1891, the complaint therein was also served on the defendant. It charges that the defendant falsely, wickedly, and maliciously did compose and publish said article, to the great damage and injury of the plaintiff. It is also charged therein that the publication of the article destroyed the reputation of the plaintiff as a solvent insurance company, and forced it into insolvency. Judgment for $25,000 is demanded. No other cause of action is stated in the complaint.

Intermediate the service of the summons and of the complaint, an action was brought in the superior court of Milwaukee county against the plaintiff corporation, by a creditor thereof, to wind up its affairs. The complaint therein alleged the insolvency of the company, and prayed for an injunction and receiver. The company answered, admitting its insolvency as alleged. Thereupon, on January 8, 1891, the court made an order adjudging the corporation insolvent, appointing a receiver of its property and assets, and enjoining and restraining it, among other things, from exercising any of its corporate rights, privileges, or franchises.

On February 4, 1891, the defendant moved the court for an order in the present action, striking out the complaint, or for a stay of all proceedings in the action until the receiver should be properly substituted as plaintiff in the action, or for such further or other relief as the defendant may be entitled to. On the hearing of the motion the facts above stated were made to appear. The court denied the motion, and the defendant appeals from the order denying the same.

The Milwaukee Mutual Fire Ins. Co. vs. The Sentinel Co.

For the appellant there were briefs by *Wells, Brigham & Upham,* and oral argument by *J. R. Brigham.* To the point that in a proceeding against a moneyed or insurance corporation under the special provisions of law for such corporations, the order for an injunction and the appointment of a receiver with full powers constitute a virtual dissolution of the corporation and, as a consequence, it cannot sue, they cited *Verplanck v. Mercantile Ins. Co.* 2 Paige, 438, 452; *Bank Comm'rs v. Bank of Buffalo,* 6 id. 497, 503; *Davenport v. City Bank,* 9 id. 13; *Talmadge v. Pell,* id. 410, 413, 414.

For the respondent there was a brief by *Turner, Sutherland & Timlin,* and oral argument by *Geo. E. Sutherland.* They contended, *inter alia,* that the gravamen of the action is injury to property, as distinguished from personal injury, and therefore the cause of action passes to the receiver. *Webber v. Quaw,* 46 Wis. 118; *Hudson v. Plets,* 11 Paige, 180; Beach, Receivers, sec. 663. The receiver has a right to continue the prosecution of the action in the name of the corporation. *Phœnix W. Co. v. Badger,* 67 N. Y. 294; *Glenville W. Co. v. Ripley,* 43 id. 206; Gluck & Becker, Receivers, 23, sec. 7. His appointment did not abate the cause of action. *Toledo, W. & W. R. Co. v. Beggs,* 85 Ill. 80, 82. The insolvency of the plaintiff corporation and appointment of the receiver did not dissolve the corporation so that it could not sue and be sued. R. S. sec. 1764; Gluck & Becker, Receivers, 26, 27, sec. 7; *Kincaid v. Dwinnelle,* 59 N. Y. 548; Beach, Receivers, secs. 406, 412. The injunction was not intended to and did not prevent the prosecution of this suit commenced before the appointment of the receiver. *Hudson v. Plets,* 11 Paige, 180; *Parker v. Wakeman,* 10 id. 485. The defendant herein, being in no way a party to the action in which the injunction was issued, has no right to say that this action shall stop on that account.

Lyon, C. J.   I.  No doubt the prosecution of this action is "the exercise of a corporate right, privilege, or franchise," and hence comes within the prohibition of the injunction, which in terms enjoins the plaintiff from exercising the same.   The plaintiff being a corporation authorized by law to make insurance, and having become insolvent, the court was authorized by statute thus to enjoin it.   R. S. sec. 3218.   A rule of public policy may be deduced from the above statute, which is that an insolvent corporation of either of the classes mentioned in the statute may be restrained by an injunction from prolonging its existence, or embarrassing the receiver and court in closing its affairs, by exercising any corporate franchise; but that the insolvent corporation shall remain inert while the receiver closes its affairs under the direction of the court.   Regarding the statute authorizing the injunction as having its foundation in considerations of public policy, in which all have an interest, it must follow, we think, that one not directly a party to the action to wind up the affairs of the corporation may avail himself of the injunction to procure a stay of proceedings in an action which the insolvent corporation is attempting to prosecute against him.

It was claimed by counsel for plaintiff that the corporation may maintain the action under sec. 1764, R. S.   This section continues the existence of a corporation for three years after its dissolution, for certain specified purposes, one of which is the prosecution of actions.   It provides that when any corporation shall become dissolved, as specified therein, "the directors or managers of the affairs of such corporation at the time of its dissolution, by whatever name they may be known, shall, subject to the power of any court of competent jurisdiction to make in any case a different provision, continue to act as such during said term, and shall be deemed the legal administrators of such corporation, with full power to settle its affairs," etc.   In

this case the superior court, which is a court of competent jurisdiction, has made a different provision, by appointing a receiver and enjoining the corporation from doing any corporate act. Hence the section has no application here.

The service and filing of the complaint herein was a corporate act, performed after the injunction issued, and in violation thereof. Hence the complaint must be stricken out.

II. The question whether the receiver may prosecute the action is in the case, has been argued by counsel, and we think should be determined for the guidance of the parties and court, although the proposition already determined necessarily results in the reversal of the order appealed.

It is elementary that a right of action for mere personal injuries has not the quality of survivorship, is not assignable either at law or in equity, and does not pass to a receiver of the property and effects of the owner of such right of action. Beyond all question, a right of action for a libel belongs to this class. The mere fact that the libel has resulted in pecuniary injury to the plaintiff, and thus has diminished his estate and his capacity to pay his debts, does not make the cause of action one for an injury to property, which passes to the receiver. Notwithstanding the incidental pecuniary injury, an action for libel remains solely an action for a personal injury, without the qualities of survivorship or assignability.

Such incidental pecuniary injury is presumed to result more or less directly from every libel or slander, particularly such as furnish grounds for the recovery of special damages. Yet we never before heard it claimed that this circumstance takes such actions out of the class of actions for mere personal torts. On this subject generally see *McArthur v. G. B. & M. Canal Co.* 34 Wis. 139; *Noonan v. Orton*, 34 Wis. 259; *Hudson v. Plets*, 11 Paige, 180; Beach, Receivers, sec. 196.

It must be held, therefore, that this action cannot be prosecuted by the receiver.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with directions to strike out the complaint.