AMERICAN WATER WORKS COMPANY (OF NEW JERSEY) v. FARMERS LOAN & TRUST CO. ET AL.

1. LAWS GOVERNING CORPORATIONS.
A corporation is subject to the laws of the state or sovereignty under and by virtue of which it has been created, and these laws have a paramount influence over its corporate powers wherever it undertakes to exercise them.

2. JUDGMENTS GOVERNING CORPORATIONS.
Where a corporation in pursuance of the laws of the state where it was created has been adjudged insolvent, and placed in the hands of a receiver with full powers to control and manage its affairs, and where such corporation, its officers, directors, agents, and attorneys, has been absolutely enjoined from in any manner continuing the business of said corporation or from attempting to use its name, privileges or franchises for any purpose whatever, *held :* that an officer of the corporation could not use its name to prosecute a writ of error in another state against the objection of the receiver.

3. EXTRATERRITORIAL LAWS—THINGS DONE.
Though the laws of a state do not have extraterritorial force, as mere laws, nevertheless, the general rule is that things done in one state in pursuance of the laws thereof, are valid and binding in other states.

*Error to the District Court of Arapahoe County.*

MOTION to dismiss the writ of error. The motion was based upon a duly verified petition which, omitting the formal parts, was as follows :

" Your petitioner, E. Hyde Rust, receiver of the American Water Works Company (of New Jersey), respectfully peti-

tions the court and prays that the writ of error in the above entitled cause be dismissed, and in support of said petition represents unto the court as follows :

" (1) The American Water Works Company (of New Jersey) was incorporated under an act of the legislature of the state of New Jersey, entitled ' An Act Concerning Corporations,' approved April 7, 1875, and the acts supplementary thereto and amendatory thereof, which said act, among other things, expressly provides as follows, to wit:

" ' Whenever any incorporated company shall have become insolvent, or shall suspend its ordinary business for want of funds to carry on the same, it shall and may be lawful for any creditor or stockholder to apply, by petition or bill of complaint, to the chancellor, setting forth the facts and circumstances of the case, for a writ of injunction and the appointment of a receiver or receivers, or trustees ; whereupon, the chancellor, being satisfied of the sufficiency of said application, and also of the truth of the facts and allegations contained in the said petition or bill, by affidavit or otherwise, and upon giving, when so ordered, such reasonable notice, to be served or published as the chancellor, in an order to be made for that purpose, shall direct, the chancellor may proceed in a summary way to hear the affidavits, proofs and allegations which may be offered by or on behalf of the parties ; and if, upon such inquiry into the matters or cause of complaint, it shall be made to appear to the chancellor, that the said company has become insolvent, and shall not be about to resume its business in a short time thereafter, with safety to the public and advantage to the stockholders, it shall and may be lawful for the chancellor to issue an injunction to restrain the said company and its officers and agents from exercising any of the privileges or franchises granted by its certificate, or by the act incorporating the said company, or from collecting or receiving any debt, or from paying out, selling, assigning or transferring any of the estate, moneys, funds, lands, tenements or effects of the said company until the court shall otherwise order.'

" (2) Your petitioner represents to the court, that the said act is a part of the charter of the American Water Works Company (of New Jersey), and that in said act it is further expressly provided as follows:

" ' It shall and may be lawful for the court of chancery, if the circumstances of the case and the ends of justice require it at the time of ordering the said injunction, or at any other time afterwards during the continuance of the said injunction, to appoint a receiver or receivers, or trustee or trustees, with full power to demand, sue for, collect, receive and take into their possession, all the goods and chattels, rights and credits, moneys and effects, lands and tenements, books, papers, choses in action, bills, notes and property of every description belonging to said company at the time of their insolvency or suspension of business as aforesaid; and to sell, convey or assign all the said real or personal estate.'

" (3) And your petitioner further shows that heretofore, and on, to wit, the eighth day of April, 1892, there was exhibited in the court of chancery of the state of New Jersey, a bill of complaint by certain stockholders and certain creditors of the American Water Works Company (of New Jersey) including The Denver City Water Works Company and others, against the said The American Water Works Company (of New Jersey), by and in which it was made to appear to the said court of chancery of the state of New Jersey, as the fact then was and still is, that the said The American Water Works Company (of New Jersey) was insolvent and was not carrying on its ordinary business for want of funds, and that its liabilities were in excess of its assets, and that the said company was without any legally constituted governing body, and was unable to elect or convene one, and said bill prayed that said company, its officers, agents, directors and attorneys, and each and every of them, might be enjoined and forbidden from receiving any debts due the said company, from paying and transferring any of its moneys or effects, and from in any manner exercising any of the franchises or privileges of its charter, and from holding

any meetings, or alleged or pretended meetings, at which action might be taken concerning the business of said company, or attempt to use the defendant's name and its privileges and franchises for any purpose whatever, and that said defendant company might be decreed to be insolvent, and that a receiver thereof might be appointed according to the form of the statute in such cases made and provided, that is to say, the statute of the state of New Jersey, and that the said complainants in said action might have such further or other relief in the premises as the nature of the case might require and as might be agreeable to equity and good conscience; whereupon, after issue joined and appearance made by the said defendant The American Water Works Company (of New Jersey) in its own name, as well also as of certain of its stockholders defending and opposing said application, including among such stockholders Clarence H. Venner, who was then and still is one of the vice presidents of said The American Water Works Company (of New Jersey), the said court of chancery of the state of New Jersey did, on the twentieth day of July, 1892, make and enter the following decree, to wit:

"'Upon opening the matter this day to the court, by Lindley M. Garrison, of counsel with the complainants, in the presence of Flavel McGee, of counsel for Clarence H. Venner and other of the directors who were permitted to interpose for the defendant, by order of the chancellor, and due proof being made of the service of the order to show cause heretofore granted herein, and it appearing to the court that the said defendant corporation is insolvent, it is on this twentieth day of July, A. D. 1892, ordered that the said order to show cause be made absolute, and that an injunction do issue against the said defendant according to the prayer of the said bill. And it is further ordered that E. Hyde Rust, Esq., of Jersey City, be and he is hereby appointed receiver, with full power to demand, sue for, collect and receive and take into his possession, all the goods and chattels, rights and credits, moneys and effects, lands and tenements, books,

papers, choses in action, bills, notes and property of every description belonging to the said The American Water Works Company, and to perform all the duties imposed upon him and required by law, and especially by an act entitled " An Act Concerning Corporations," approved April 7, 1875, and the acts supplementary thereto and amendatory thereof.

" ' And it is further ordered that the said E. Hyde Rust, Esq., before entering upon his duties, take the oath prescribed by law and give bond to the chancellor for the sum of twenty thousand dollars, conditioned for the faithful performance of his duties, to be approved as to form and security therefor by John W. Heck, Esq., one of the masters of this court.

" ' (Signed)   ALEX. T. McGILL,
" ' Chancellor.'

" (4) Your petitioner further shows unto the court, that he, the said E. Hyde Rust, did, on the 22d day of July, 1892, duly file his bond as receiver as aforesaid, in the sum of twenty thousand dollars; that the said bond was duly approved, as in said order provided, and your petitioner qualified as such receiver and entered upon his duties as such, and since then has been, and is now, receiver of said The American Water Works Company (of New Jersey).

" (5) Your petitioner further shows that an injunction was duly issued in said cause, as prayed for in the complaint therein filed and in accordance with the order of said chancellor, wherein it was provided as follows :

" ' The said defendant company (meaning The American Water Works Company of New Jersey), its officers, directors, agents and attorneys, and each and every of them, shall absolutely desist and refrain from receiving any debts due to it, and from paying and transferring any of its moneys and effects, and from in any manner continuing its business, or exercising any of the franchises or privileges of its charter, and from holding any meetings, or alleged or pretended meetings, at which action might be taken concerning any business of the said company, or attempting to use its name

and its privileges and franchises for any purpose whatever,' which said injunction is still in full force.

"(6) Your petitioner further shows unto the court, that one Clarence H. Venner was, at the time of the institution of said suit in the court of chancery of New Jersey, as above mentioned, one of the two vice presidents of said The American Water Works Company (of New Jersey); that he, as permitted by order of said chancellor, personally appeared and defended said cause in the name of The American Water Works Company (of New Jersey), notwithstanding which said defense, the orders and decree of said court as hereinbefore set out, were, after hearing and argument, duly made and entered as the action of said court. That, since the entry of the order appointing your petitioner as receiver as aforesaid, the said Clarence H. Venner has had no right or authority in any manner whatsoever to use the name of the said The American Water Works Company (of New Jersey) for any purpose whatsoever, and that your petitioner, as receiver of said company, alone has authority to institute or continue suits in the name, or on behalf, of said The American Water Works Company (of New Jersey).

"(7) Your petitioner further shows that the writ of error heretofore sued out in this case in the name of The American Water Works Company (of New Jersey), was so sued out at the request, and at the instigation, of the said Clarence H. Venner, without the consent or authority of your said petitioner, and in violation of the injunction so issued as aforesaid by the court of chancery of the state of New Jersey, and without any action or direction of the board of directors, or other governing body of said The American Water Works Company (of New Jersey). That, in the opinion of your said petitioner, as receiver as aforesaid, it is not to the interest of said The American Water Works Company (of New Jersey) to prosecute said writ of error.

"Wherefore, your petitioner prays that the said writ of error be dismissed."

An answer to the foregoing petition, and also an agreed

statement of facts in writing, signed by the attorneys of Rust and Venner respectively, were filed herein; and thereupon the motion to dismiss was submitted.

Messrs. TELLER, ORAHOOD & MORGAN, for plaintiff in error.

Messrs. WOLCOTT & VAILE, for E. Hyde Rust, receiver.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

By the petition to dismiss the writ of error, the answer thereto, and the agreed statement of facts filed in connection therewith, all matters essential to the determination of this motion are admitted.

1. A corporation is a creature of the law. It is always subject to the law of its charter, or if it has no special charter, then to the incorporation laws of the state or sovereignty under and by virtue of which it has been created; and though it may transact business in other jurisdictions, yet its charter or the laws to which it owes its existence have a paramount influence over its corporate powers wherever it undertakes to exercise them. Hence, to determine the capacity or disability of a corporation in a given case, regard must primarily be had to the laws of the state or sovereignty from which it has derived its franchises. See *Canada Southern Ry. Co. v. Gebhard*, 109 U. S. 527; also *Bank of Augusta v. Earle*, 13 Peters, 585, *et seq.*, and cases there cited.

2. It appears that plaintiff in error is a corporation duly organized under and by virtue of the laws of the state of New Jersey. From the agreed statement of facts it appears that plaintiff in error, prior to the suing out of the writ of error in this cause, had become an insolvent corporation, and had been so adjudged by a court of competent jurisdiction in the state of New Jersey; that by the judgment of said court under the laws of said state the petitioner E. Hyde Rust had become the duly appointed and qualified receiver of said cor-

poration, with full powers to control and manage its affairs; and further that plaintiff in error as a corporation, its officers, directors, agents and attorneys, and each and every of them, had been absolutely enjoined *from in any manner continuing the business of said corporation, or from attempting to use its name, privileges, or franchises for any purpose whatever.*

There is nothing in the petition, answer, or agreed statement of facts to show that plaintiff in error, or Mr. Venner, as one of its vice presidents, has ever been relieved from the disabilities of said injunction, or that they, or either of them, have any power or authority to prosecute the writ of error herein. It seems clear that Mr. Rust, as receiver of the plaintiff in error, is justified in pleading the laws of New Jersey relating to insolvent corporations and the decrees of a court of competent jurisdiction of that state based thereon, in support of his motion to dismiss the writ of error herein. Such laws and decrees are admitted to be correctly set forth in the petition.

3. Against the granting of this motion to dismiss, it is urged that the laws of a state have no extraterritorial force. It is also urged that the receiver of a corporation cannot exercise his powers as such beyond the jurisdiction of the court appointing him. Conceding that the laws of a state do not have any extraterritorial force, *as mere laws*, nevertheless, the general rule is that *things done in one state, in pursuance of the laws of that state, are to be regarded as valid and binding in other states.* Moreover, Mr. Rust, by his petition to dismiss this writ of error, is not seeking to transact business or do any affirmative act by virtue of his authority as receiver of the corporation; on the contrary, he seeks to prevent the corporation of which he has been invested with exclusive control from doing an affirmative act contrary to the laws of the state from which such corporation has derived its powers, and contrary to the judgment of a court having full jurisdiction in the premises; in other words, he seeks to prevent Mr. Venner from making an unauthorized use of the name of such corporation. In taking this course Mr. Rust is undoubtedly

acting within the scope of his authority as the duly appointed and qualified receiver of plaintiff in error. *Relfe v. Rundle*, 103 U. S. 225; *Bockover v. Life Assn. of America*, 77 Va. 85.

An extended discussion of the legal questions involved in this motion seems unnecessary. Whatever may be the grievances of Mr. Venner, it is clear that he is not entitled to use the name of plaintiff in error in the further prosecution of this writ. The motion to dismiss must be sustained.

*Dismissed.*