# IN THE MATTER OF "AN ACT TO PROVIDE REVENUE FOR THE GOVERNMENT BY THE ASSESSMENT AND COLLECTION OF TAX ON INCOME."

## OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE PRESIDENT.

"An Act relating to internal taxes," passed by the Legislature of 1896, would not be neutralized or repealed by "An Act to provide revenue for the government by the assessment and collection of tax on income."

DEPARTMENT OF THE JUDICIARY,

Honolulu. H. I., June 5, 1896.

To the President:

Sir—The Justices of the Supreme Court have the honor to acknowledge the receipt this day of your request dated the 4th inst., for their opinion upon the question whether "An Act Relating to Internal Taxes," passed and approved at the present session of the legislature, would be "neutralized or repealed" by "An Act to Provide Revenue for the Government by the Assessment and Collection of Tax on Income," passed by the legislature but not yet approved, should the latter become law.

This question we respectfully answer in the negative.

If there would be a repeal it would be by implication only, for there is no express repeal. There can be no repeal by implication unless the legislature has clearly manifested such an intention. We find no ground for inferring such an intention.

Repeals by implication are not favored, and there is a presumption against such repeals even when the Acts are passed at different sessions of the legislature. This presumption is stronger when the Acts are, as in this case, passed at the same session.

There is not only no conflict between the general provisions and objects of the two Acts, but they are evidently intended to be cumulative.

Sometimes a general Act so fully and completely covers a subject as to indicate a clear intention on the part of the legislature that it should be regarded as a substitute for previous Acts. But here the first Act is general, providing for personal and property taxes, namely, poll, school, road, cart, carriage, dog, insurance and real and personal property taxes; the second is more special, providing for a tax on income only. The two Acts not only relate to different classes of taxes, but are obviously expected to yield revenues very different in amount.

On the other hand, there is strong affirmative evidence in the second Act of an intention on the part of the legislature not to repeal the first Act. For the second Act expressly refers to the first Act, setting out its title in full, as existing law, and authorizes and requires the assessors and collectors and court of appeal provided for by the first Act to carry out the provisions of the second Act; it also provides expressly for compensation for each assessor and collector "in addition" to the salary appropriated for services to be performed under the first Act.

Yours respectfully,

A. F. JUDD,
W. F. FREAR.