IN RE ESTATE OF KALUA KAPUKINI, a Spendthrift.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 24, 1902.                    DECIDED MAY 7, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A circuit judge sitting in probate rendered a decree terminating a spendthrift trust and discharging the guardian on the ground that the same was no longer necessary. It was made to appear, on appeal, that on the same day the decree was entered the ward executed a trust deed conveying her entire estate to a trustee and directing that one-fifth of the amount thereof be paid to one of her attorneys as a fee. *Held*, that such trust deed may be considered, when properly presented, by the appellate court and that in this case the deed, together with the other evidence, shows conclusively that the decree appealed from is erroneous.

OPINION OF THE COURT BY GALBRAITH, J.

Kalua Kapukini filed her petition in the probate court of the First Circuit setting out that on February 24, 1894, she had been adjudged a spendthrift under the statute and that J. A. Magoon had been appointed and qualified and had since acted as the guardian of her estate; that the facts or claim on which she had been adjudged a spendthrift no longer existed; that she was now capable of managing her own business affairs, and praying that the spendthrift trust be determined and the guardian discharged. The guardian appeared and answered, and contested the application.

Numerous witnesses were examined for and against the petition. The judge found for the petitioner and ordered the guardian discharged. In the decree signed and entered it is found that the "allegations of the petition are true and that the guardianship of J. Alfred Magoon of the estate and property of the said Kalua Kapukini is no longer necessary. The guardian is ordered discharged, the spendthrift trust is terminated. It is also ordered that the attorney for the petitioner, Geo. A. Davis, Esq., be paid out of the estate and the property of the petitioner the sum of $250.00 for his counsel fee and for services rendered. Also that J. Alfred Magoon, Esq., be allowed the sum of $250.00 as counsel fee and for services rendered to be paid out of the estate of the petitioner."

From this decree the guardian appealed.

An examination of the transcript of the testimony shows that there was much conflict in the evidence, and considering this alone I might be inclined to agree with the conclusion of the judge of probate. This appeal is considered on the record (Sections 1434 and 1518, Civ. L.) There is no statute or rule of court defining what shall constitute the record on appeal, but the proceedings in this court are in the nature of a trial *de novo*. *Spreckels v. Giffard*, 10 Haw. 378-383.

With the record in this court, whether a part of it or not is in dispute, is a certain trust deed that was not before the court

below at the time of the filing and entry of the decree. On the 11th day of October, the attorneys for the petitioner filed in the probate court in this proceeding a paper entitled in this cause and endorsed "Demand for Compliance with Decree and Notice." Attached to this paper are Exhibits "A" and "B", one a copy of the decree rendered in this cause and the other a copy of a trust deed executed by Kalua Kapukini and her husband Kalaulaula. The decree was filed October 7, 1901, at 3:10 o'clock p. m. The deed, as appears from the endorsement thereon, was acknowledged on the same day at 4:30 o'clock p. m. By this trust deed Kalua in consideration of one dollar, the receipt of which is acknowledged, conveys to William S. Fleming, as trustee, all of her property, real, personal and mixed. The said trustee is authorized to collect all rents and money due her and to sell and dispose of any or all of the said property or as much thereof as may be necessary to carry out the provisions of the trust, which are (1) to pay the several parties the sums to which they are entitled under the decree rendered as aforesaid; (2) to pay to Thomas Fitch all money that he has advanced or may advance to Kalua; (3) to pay said Thomas Fitch twenty per cent. of the gross value of all the property, real and personal, that has been released to her by virtue of the decree appealed from terminating the spendthrift trust, etc., and to pay to the trustee one per cent. commission on the gross value of the property conveyed by the trust deed, and the further direction on behalf of the trustee to convey to Kalua or to the person she may designate the remainder of her property.

At the hearing in this court the guardian offered proof of the execution of this trust deed under Sec. 1454, C. L., which is in part as follows: "Every such appeal shall be taken on the record and no new evidence shall be introduced in the Appellate Court; provided that the Appellate Court may, in case evidence is offered, which is clearly newly discovered evidence, and material to the just decision of the appeal, admit the same."

It is not material to determine whether the trust deed is a part of the record—although it comes up with the files in the cause properly endorsed and was made such by the motion of the

ward—or should be admitted in evidence on appeal under the statute—it being material and pertinent evidence such that if it had been before the court below might have changed the decree rendered and is of such a character that it would support a bill for review in chancery—for the reason that it is clear, on general principles, if not under the express provision of the statute, that we ought not to close our eyes to the fact established by this evidence and disregard its weight in determining the issue presented on this appeal. *Traphagen v. Voorhees*, 45 N. J. Eq. 41.

There can be little doubt that if this deed, had been made the basis of a motion to the court below to vacate or set aside the decree, it ought to have been granted. It is evidence pertinent to the issue and within the terms of the statute authorizing additional evidence on appeal. It is newly discovered, for it was not in existence at the time of the hearing below, and is material to a just decision of the appeal. The decree was based on the finding that the guardianship of the petitioner was no longer necessary. This deed certainly throws light on the correctness of that finding. We conclude that the deed ought to be considered on this appeal and that our decision may be based upon it.

This trust deed is an eloquent witness against the petitioner. It is a confession on the part of Kalua, if not a conclusive demonstration of error in the finding of the trial judge, i. e. that the guardianship of Kalua's property was no longer necessary. The evening of the day that she is found competent to manage and control her own property, and within two hours after the decree is filed, she conveys all of her estate to a trustee and gives one-fifth of the gross amount thereof to one of her attorneys as a fee. This trust deed and its generous distribution of the ward's inheritance is not a pleasant subject of contemplation in connection with the estate of one who for years past has been under the protection of the court.

The appeal is sustained and the decree reversed and the cause is remanded to the Probate Court with direction to dis-

miss the petition and for such further proceedings as may be necessary.

*Thomas Fitch* and *Geo. A. Davis* for petitioner.

*J. Alfred Magoon*, guardian, in person.

### CONCURRING OPINION OF FREAR, C.J.

I think that the deed is admissible in evidence in this court under the statute and that it adds much to the weight of the other evidence, but that the other evidence is sufficient without the deed to call for a reversal of the decree appealed from. As to fees, the question of the amount alone was submitted to us and that without argument. Mr. Davis appears to have received already from his client sufficient for the part taken by him in the case. Mr. Magoon's fee should be cut down to $100 under the circumstances.

### CONCURRING OPINION OF PERRY, J.

I concur in the conclusion that the decree terminating the guardianship should be reversed, but base such concurrence solely on the ground that the evidence adduced at the trial does not show either that the ward has reformed in respect to her habits as to excessive drinking or that the guardianship is no longer necessary. The trust deed executed almost immediately after the rendition of the decree appealed from, and referred to in the foregoing opinions, if it is evidence proper to be considered or admissible on this appeal, is strong and convincing evidence tending to show that a continuance of the guardianship is necessary.

On the subject of fees I concur with the Chief Justice.