CARTER, CARTER AND MEIGS COMPANY

*vs.*

THE STEWART DRUG COMPANY.

Washington.   Opinion October 5, 1916.

*Public Laws, 1905, Chapter 85, as amended by Public Laws, 1907, Chapter 137, interpreted.*

Where, under section 77, chapter 47, R. S., which extends the corporate existence for three years of corporations whose charters expire or are otherwise terminated, no trustees or receivers are appointed, the corporation and its officers may do all things authorized by that section necessary to wind up its affairs.

Where, however, trustees or receivers are appointed, as under section 78 of the same chapter, now repealed, or chapter 85, Public Laws, 1905, as amended, of a corporation whose charter has expired or is terminated or dissolved, section 77 of said chapter becomes inapplicable and the corporation and its officers are without power to perform any of the acts thereby authorized.

The case of Moody v. Development Co., 102 Maine, 365, does not constrain the court to declare unconstitutional chapter 85, Public Laws of 1905, as amended by chapter 137, Public Laws of 1907.

Where, under chapter 85, Public Laws 1905, as amended, a receiver has been appointed for a corporation and the corporation dissolved upon a bill in equity, such corporation can take no action regarding a suit at law, pending when such bill was filed, after the entry of the decree of dissolution.

Whether in such case at law the receiver shall appear or not, and what action he shall take upon appearance, if ordered, must be determined by the equity court in which the bill is pending.

Action of assumpsit on account annexed to recover for goods sold and delivered to defendant company. Attachment was made of defendant's stock in trade and receiptor given to sheriff. Within thirty days of date of writ and attachment, proceedings were instituted under Public Laws, 1905, chapter 85, as amended by Public

Laws, 1907, chapter 137. Under these proceedings, a decree was entered appointing a receiver for defendant corporation. At a subsequent term of court, the attorney for the defendant company filed a motion to dismiss the pending suit, which motion was dismissed pro forma by the Justice presiding. To which ruling defendant took exceptions. Exceptions overruled.

Case stated in opinion.

*C. B. & E. C. Donworth* for plaintiff.

*H. H. Gray*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, JJ.

BIRD, J. This is an action of assumpsit for the recovery of the price of merchandise sold defendant by plaintiff. The writ was dated September ninth, 1915, and returnable at Machias on the second Tuesday of October next following. Upon the eleventh day of September, 1915, sundry goods of the defendant, to the value of four hundred dollars, were attached upon the writ and service made upon defendant. A receipt for the goods attached was given the officer, executed by the defendant and one Cummings and one Whitney. This receipt was in the alternative and of the usual form. On the first day of October, 1915, a bill in equity, brought under the provisions of c. 85 of the Pub. Laws of 1905, as amended (Pub. Laws 1907, c. 137) was filed by Fred T. Stewart and another against the defendant in this suit. Upon this bill an injunction was issued October twenty-ninth, 1915, as provided in c. 85 of the Public Laws of 1905, and on the ninth day of November, 1915, a decree was entered appointing a receiver of defendant corporation. By this decree all attachments made within thirty days before the first day of October, 1915, the date of filing the bill in equity were dissolved and, on the twenty-eighth day of December next following, the defendant corporation was by decree dissolved.

At the May term, 1916, of the court at Machias, the defendant corporation filed its written motion to dismiss the action brought against it by Carter, Carter and Meigs Company upon the ground that, since the commencement of the action, the defendant corporation had been dissolved and a receiver appointed to close its

affairs.    The court below ruled pro forma that the motion be dismissed and to this ruling defendant had exceptions.

By c. 400 of the Public Laws of 1839, it was enacted:

Sec. 1.    That all corporations, whose charters shall expire by their own limitation, or be annulled by the forfeiture or otherwise, shall be continued bodies corporate for three years from such time, for the purposes of prosecuting and defending suits by or against them, or gradually settling and closing their concerns, or disposing of their property, and of dividing their capital stock, and for no other purpose.

Sec. 2.    That when the charter of any corporation shall expire or be annulled, any creditor or stockholder of such corporation may apply to the Supreme Judicial Court, which shall have jurisdiction in chancery of such application and may appoint one or more persons as trustees to take charge of the estate and effects of such corporation, with power to collect the debts and property of the same, and to prosecute and defend in the name thereof all necessary suits in law.

These sections of c. 400 of the Pub. Laws, 1839, became 24 and 25 of c. 76 of the Revised Statutes of 1841 and without substantial change.    In 1843, in *Reed* v. *Frankfort Bank,* the court had occasion to construe c. 139 and c. 190 of the Private and Special Laws of 1841, which repealed the charter of the Frankfort Bank and provided for the appointment of receivers who were empowered to prosecute any action then pending against the bank and to use the name of the bank in any suit necessary to enable them to collect any debts due the bank.    The plaintiff Reed had commenced his action and attached the property of the bank some time prior to the days on which the acts became operative.    The court says that "the bank having ceased to exist, excepting so far that the receivers could prosecute any suit pending in its name; and could use the name of the bank in any suit which might be necessary to enable them to collect any of the debts due to the bank, there is no party whom the plaintiff can prosecute or take judgment or execution against, unless it be in a court of equity."    The bank as such has no longer power to sue or to be sued.    23 Maine, 318, 321.    In *Whitman* v. *Cox,* 26 Maine, (1846) 335, 340, where the same acts were under consideration it is said that it has been

adjudged in *Reed* v. *Frankfort Bank,* supra, that the acts repealing the charter of the bank, and providing for the distribution of its funds by receivers, incapacitated it any longer to sue or be sued in a court of law, otherwise than to promote the object confided to the receivers. And the opinion continues, "The bank has ceased to exist as a corporate body, in reference to suits instituted against it by those claiming to be its creditors. It had been deprived of its power to transact business, and its funds were transferred to receivers, against whom alone its creditors could prefer their claims, and they (the creditors) could insist upon nothing more than a pro rata dividend of those funds. To such a case the statutes giving corporations three years to wind up their concerns are inapplicable. The Frankfort Bank, after the appointment of receivers, had no concerns to wind up. The receivers had the whole control of its affairs. It had become in effect a nonentity." In the case last cited service of the writ in the suit against the bank was made after the charter of the bank had been repealed and receivers appointed and their duties defined. Both of the cases cited receive the approval of the court in *Rankin* v. *Sherwood,* 33 Maine, 509, 510. See also *Hunt* v. *Ins. Co.,* 55 Maine, 290, 295, 296.

And where the surrender of a charter of a corporation is accepted by the Legislature and its affairs are to be wound up in the manner provided in sections 19 and 20 of chapter 46 of the Revised Statutes (1857), now sections 77 and 78 of c. 47, R. S. (1903), and trustees are appointed under the latter sections, it has been held that "The corporation ceases for the purpose of business and the trustees in its place, and with its rights, are to perform such acts as are necessary to close up its affairs. They represent the corporation." *Piscataquis etc. Ins. Co.* v. *Hill,* 60 Maine, 178, 182.

In *Cooper* v. *Curtis,* 30 Maine, 488, 490 and *Mariners' Bank* v. *Sewall,* 50 Maine, 220, 221, no provision for the appointment of trustees or receivers was made in the acts of the Legislature terminating the corporations and it was held that under a provision extending the corporate capacity thereafter gave the corporations perfect existence for three years, for winding up their affairs. So in *Shore Line R. R. Co.* v. *Railroad,* 92 Maine, 476, 482. See also *Foster* v. *Essex Bank,* 16 Mass., 245, 274.

Section twenty-four of chapter seventy-six, R. S., 1841 (c. 400 § 1, Pub. Laws, 1839) was slightly changed in phraseology in the revision of 1857 and, as thus changed, has become § 77 of c. 47, R. S. of 1903. The change, however, apparently for the purpose of condensation has not changed the law. We find no such intention on the part of the Legislature. *French* v. *Co. Commissioners,* 64 Maine, 583, 585; *Taylor* v. *Caribou,* 102 Maine, 401, 405; *Cummings* v. *Everett,* 82 Maine, 260, 264.

Section 77, c. 47, R. S., must be regarded as a provision restricted to the case of a dissolved corporation administering and winding up its own affairs and as granting the necessary powers to enable it to do so. When, however, a receiver was appointed under § 78 of c. 47, R. S., 1903 (§ 2, c. 400, Priv. & Sp. Laws 1839) the winding up of the corporation was entrusted wholly to him and section 77 became inapplicable. This section (78) was repealed by c. 85 of the Pub. Laws of 1905, under which the court in equity is proceeding in the case of *Stewart* v. *The Stewart Drug Co.* Briefly this chapter provides for the issuance of an injunction restraining the corporation, its officers and agents, among other things, from exercising any of its privileges and franchises, for its dissolution, and, at the ordering of the injunction or during its continuance, for appointment of a receiver or receivers to wind up the affairs of the company, who shall at all times be subject to the order and control of the court. "Such receiver shall have the power, among others granted, to institute and defend suits at law or in equity in his own name as receiver and to demand, collect and receive all property and assets of the corporation." Under this act, as under § 78, c. 47, R. S., now repealed, it is the opinion of the court that section 77, c. 47, R. S., extending the existence of the corporation for three years is inapplicable.

Premising that we consider both the injunction and the receivership decreed in the case of *Stewart* v. *The Stewart Drug Co.* as permanent and not temporary, a decree of dissolution having been entered, we conclude that the defendant in the case under consideration had no standing in court and no power to make any motion regarding the prosecution or disposal of the case at law. See *Milwaukee etc. Ins. Co.* v. *Sentinel Co.,* 81 Wis., 207; 15 L. R. S., 627. See also *Rosenbaum* v. *Credit System Co.,* 61 N. J. L., 543, 546.

It is claimed, however, that c. 85, Pub. Laws, 1905, is unconstitutional, that it violates that provision of the Federal Constitution which empowers Congress to establish uniform laws on the subject of bankruptcies throughout the United States. In support of this contention *Moody* v. *Development Co.,* 102 Maine, 365, announced February 5, 1907, is relied upon, the conclusion in that case being that the act of 1905 never had any life and never went into operation because it violated the provision of the Federal Constitution regarding bankruptcies.

In 1907, by c. 137 of the Public Laws of that year, the act of 1905 was amended by striking out the provisions barring all claims not proved within the period fixed by order of court. The amendatory act was approved March 26, 1907, and it was evidently the judgment of the Legislature that the amendment met and overcame the objections set forth in *Moody* v. *Development Co.,* supra. Undoubtedly the expression of the court was to the effect that an insolvency law enacted during the existence of a Federal Bankruptcy Act, was inoperative but capable of coming into full force upon the repeal of the Bankruptcy Act. But, as stated, it was the judgment of the Legislature that the amendment of 1907 freed the act of 1905 from its unconstitutional features and such appears to have been the opinion of this court as witnessed in *Folsom* v. *Smith,* 113 Maine, 83, 86; *Van Oss* v. *Petroleum Co.,* Id., 180; *Spear* v. *Lime Co.,* Id., 285; *Craughwell* v. *Trust Co.,* Id., 531. We conclude, therefore, that *Moody* v. *Development Co.,* supra, does not constrain the court to hold the amended law unconstitutional.

The corporation and its officers having been enjoined from exercising any of its privileges and franchises, a receiver having been appointed and a decree of dissolution entered it has been held that pending suits against the corporation abated. *Pendleton* v. *Russell,* 144 U. S., 640, 645. Whether there be any peculiar circumstances excepting this case from the rule is a question for the equity court decreeing the dissolution. Whether the receiver shall appear or not and what action he shall take upon appearance, if directed, must be determined by that court. In the solution of these questions the case of *Mitchell* v. *Gooch,* 60 Maine, 110, may be suggestive.

*The exceptions are overruled.*