ANNIE LUKA *v.* JOHN LUKA.

No. 2745.

ARGUED JUNE 19, 1950.          DECIDED AUGUST 4. 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an appeal by the husband (the libelee) from a decree entered by the circuit court at chambers granting the wife (the libelant) an absolute divorce and custody of the minor child of the parties as well as requiring the husband to provide for the child's support. The ground for divorce against the husband as alleged in the wife's libel and sustained by the decree is the statutory one of "cruel treatment, personal indignities or neglect." (R. L. H. 1945, c. 296, § 12210, par. 8.) The evidence adduced below at the hearing on the libel is conflicting on the issue of the husband's marital misconduct. Newly discovered evidence clearly material to a just decision of the instant

appeal, however, was admitted by this court on being duly offered by the husband as a matter of defense to the action for divorce pending the appeal pursuant to authority of statute. (R. L. H. 1945, § 9505.) Such newly discovered and material evidence is undisputed and constitutes a part of the evidence as a whole, it having been introduced before this court in proceedings which are in the nature of a trial *de novo* supplementing the hearing below on the libel for divorce. (See *In re Estate of Kapukini,* 14 Haw. 204.) The appeal on the record so supplemented presents but one question of law. That question is whether or not the evidence taken as a whole is sufficient to warrant the granting of a decree of absolute divorce on the ground for divorce alleged in the libel.

The gravamen of the wife's complaint against her husband is that he not only persisted in falsely accusing her of marital infidelity by calling her "a prostitute" but on one occasion slapped her face and partially disrobed her in the presence of others and on two other occasions slapped her face when the parties were alone. The wife testified that this misconduct was motivated by an unreasonable jealousy on the part of the husband toward her, she further testifying that she gave him no reason to be jealous of her and that she always had been "a true and faithful wife" to him. Such is the gist of the wife's case relative to the marital misconduct of the husband as presented to the trial judge at the hearing below, the evidence thereof being contradicted by the testimony of the husband who admitted that he was jealous of his wife but denied committing any excessive acts of jealousy and claimed that he had good reason to be jealous of her.

By way of defense to the action for divorce, the husband on appeal offered and introduced the newly discovered and material evidence as admitted by this court. The

probative force of that evidence as a defense and its operative effect upon the conflicting evidence on the issue of the husband's marital misconduct as adduced below will be considered.

The newly discovered and material evidence conclusively demonstrates that the wife was not true or faithful to her husband prior to the entry of the decree but, on the contrary, had sexual intercourse with another man and became pregnant therefrom after filing her libel for divorce. It likewise proves that unbeknown to either the husband or the trial court the wife as a result of such illicit sexual intercourse was two months with child while on the witness stand at the hearing below. It further conclusively establishes that the wife admittedly gave birth to an illegitimate child seven months after the hearing below; that in reporting the birth of said child to the bureau of vital statistics she named a man other than her husband as the child's father. The new evidence also shows that she subsequently married that man pending appeal and is now living with him as his wife. In correlation, the husband testified that marital relations between himself and his wife ceased more than six months prior to the time the illegitimate child was conceived. None of the newly discovered evidence was controverted. In short, the newly discovered and material evidence, admitted on appeal, proves as a fact that the wife not only committed adultery but brazenly carried with her the fruit of that adultery to the witness stand and falsely testified that she always had been a true and faithful wife. Such proof not only indicates that the wife perjured herself and perpetrated a fraud upon the trial court but operates to destroy her credibility as a factor in any favorable resolving of the conflict in the evidence from her testimony. Moreover, it constitutes a good and effective recriminatory defense

to the action for divorce, the theory being that inasmuch as the wife violated her marital duty by an act of un-condoned adultery, even though committed after filing the libel, she is not entitled to complain of her husband's derelictions in being jealous of her as a like violation of his marital duty responsive to her own. (See *Jones* v. *Jones* [Texas], 176 S. W. [2d] 784. For collection of authorities see annotation in L. R. A. 1915E 972, and 86 Am. St. Rep. 333.) These briefly are some of the con-comitants of the operative effects of the newly discovered and material evidence upon the conflicting evidence ad-duced below, the net result being that the entire evidence of record is rendered insufficient to support a decree of absolute divorce as a matter of law. The question as presented on appeal is thus answered in the negative.

Decree reversed and the cause remanded below with instructions to dismiss the libel for divorce.

*H. Y. C. Choy* and *R. G. Hogan* (*Fong, Miho & Choy* on the briefs) for appellant.

*A. K. Trask* (not present but submitted case on brief) for appellee.